564 So.2d 1246 (1990)
Henry STEPHNEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2660.
District Court of Appeal of Florida, Third District.
August 7, 1990.
*1247 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
Defendant appeals his nine-year sentence for purchasing cocaine. We vacate the sentence and remand for further proceedings consistent with the following analysis.
Henry Stephney was convicted of purchasing a $5.00 rock of crack cocaine from an undercover Miami police officer. At the defendant's arraignment, the trial judge offered Stephney 364 days in jail plus placement in a drug rehabilitation program in exchange for his guilty plea. The defendant refused.
After the jury was sworn at the defendant's trial, the court offered Stephney a sentence of three and one-half years for a plea of guilty. The guidelines recommended range for the offense was five and one-half to seven years. Stephney responded by asking the court to renew its previous offer of 364 days in jail and placement in a drug rehabilitation program. As the following excerpt from the transcript reveals, the court declined the counteroffer.
THE COURT: I guess he should have taken it [the original plea offer]. No. It's not available now.
MR. KUPER [defense counsel]: Well, at this time he would be willing to ask Your Honor if you would consider some type of community control with a drug program outside 
THE COURT: No.
MR. KUPER:  due to the fact that he may have a drug problem.
THE COURT: No. He had the same drug problem the day of arraignment.
MR. KUPER: In lieu of the fact he would have been out by now, anyway 
THE COURT: Even more so. The next time he will know to take it when I offer it at arraignment.
... .
THE COURT: ... I only wish that the guys that sit next to the ones at arraignment, that give them all the legal advice, would be here at times like this.
After the state presented its case, the court renewed its offer of three and one-half years in prison in exchange for a guilty plea. The defendant asked for a shorter sentence in view of his drug addiction.
MR. KUPER: There is a drug problem in this case.
THE COURT: We have gone over that three times already.
MR. KUPER: Wouldn't you consider deviating downwards three and a half years?
THE COURT: Absolutely not. I offered him three and a half.
I will, as a gesture of goodwill, leave it open right now before you have to decide if your client is testifying, for about fifteen seconds.
MR. KUPER: If you would go down a little bit more 
THE COURT: Forget about it.

*1248 MR. KUPER:  we will be in a negotiating posture.
MR. WEINSTEIN [prosecutor]: The state objects to that offer, anyway.
THE COURT: It doesn't matter. I am withdrawing it. Forget about it. It's history.
The jury returned a guilty verdict. Before sentencing, Stephney urged the court to consider his drug addiction and asked for an evaluation. The court declined an evaluation and no presentencing investigation was undertaken. The defendant was then sentenced to nine years in prison, the highest permissible sentence based on his guidelines score sheet. This appeal followed. Stephney claims that the record reveals no affirmative reason for the longer sentence other than judicial vindictiveness.
The general rule is:
Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial. A disparity between the sentence received and the earlier offer will not alone support a finding of vindictiveness... . Having rejected the offer of a lesser sentence, [the defendant] assumes the risk of receiving a harsher sentence. Were it otherwise, plea bargaining would be futile.
Mitchell v. State, 521 So.2d 185, 190 (Fla. 4th DCA 1988). Nevertheless, "[W]hen the trial judge is involved with the plea bargaining, and a harsher sentence follows the breakdown in negotiations, the record must show that no improper weight was given the failure to plead guilty." Id. at 188.[1] In this case, the defendant was convicted of a crime which called for a recommended guidelines sentence of five and one-half to seven years. He received a sentence of nine years, the highest permitted guidelines sentence based on the number of points defendant scored on the guidelines score sheet. Fla.R.Crim.P. 3.988(g). A review of the transcript in this case fails to reveal any reason why the harshest possible sentence was rendered. On the contrary, a review of the trial judge's comments on their face support a presumption of judicial vindictiveness which was in no way dissipated by record evidence. Consequently, the fact that the sentence ultimately entered was within the permissible guidelines limits does not render the sentence proper. See United States v. Stockwell, 472 F.2d 1186 (9th Cir.), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973). The only conclusion which can be drawn is that the longer sentence was entered due to the defendant's failure to accept the plea bargain offered by the trial judge.
Defendant seeks as a remedy this court's ordering the trial judge to enter sentence in conformity with his original plea offer. We disagree that such would be the appropriate remedy.
[W]hen a defendant voluntarily chooses to reject or withdraw a plea bargain, he retains no right to the rejected sentence. If defendants could demand the same sentence after standing trial that was offered in exchange for a guilty plea, all incentives to plead guilty would disappear. Defendants would lose nothing by going to trial.
Mitchell, 521 So.2d at 190, citing to United States v. Carter, 795 F.2d 1460 (9th Cir.), modified, 804 F.2d 508, 513 (9th Cir.1986). We think the proper remedy in this case is to remand with directions that the trial judge enter sentence within the recommended guidelines range of five and one-half to seven years.
Sentence vacated and cause remanded with directions.
NOTES
[1] Florida Rule of Criminal Procedure 3.171 does not prohibit the trial judge from participating in plea discussions. However, as this court has noted, such active negotiations on the part of the trial court should not be heavy-handed. See Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987).