PER CURIAM.
Appellant, Aaron Holliway, appeals his sentence imposed under the habitual felony offender' statute. We affirm.
Appellant contends that the trial court erred by imposing a harsher sentence than that offered by the court immediately after a guilty verdict. Appellant argues that the harsher sentence imposed demonstrates judicial vindictiveness.
Appellant was charged and convicted of grand theft. Following the jury verdict, the State renewed a previously filed motion to enhance appellant’s sentence under the habitual felony offender statute. § 775.084, Fla.Stat. (1989). The State presented the court with certified copies of eleven of appellant’s sixteen convictions.
The court offered to sentence appellant to a term of eight years prior to a presen-tence investigation required by the statute. § 775.084(3), Fla.Stat. (1989). Further, the court advised appellant that it would follow the recommendation of the presentence investigation. Appellant declined to be sentenced without the presentence investigation, and the court delayed sentence until the presentence investigation was prepared.
At the sentencing hearing, the presen-tence investigation recommended a ten year sentence. The trial court, based upon the presentence investigation recommendation, imposed a ten year sentence pursuant to the habitual felony offender statute. § 775.084, Fla.Stat. (1989).
We find no error. Absent a demonstration of judicial vindictiveness or punitive action, one may not complain about a disparity between the sentence received and an earlier offer. Mitchell v. State, 521 So.2d 185 (Fla. 4th DCA 1988). Here, the trial court merely did exactly what it said it would do once the presentence investigation was prepared.
The trial court met the statutory criteria and entered the appropriate findings. § 775.084, Fla.Stat. (1989). Accordingly, we affirm.