GERSTEN, Judge.
Appellant, Pablo Francisco Santana (defendant), appeals his convictions and sentences for attempted first degree murder with a firearm, aggravated battery with a firearm, and shooting or throwing a deadly missile. We affirm.
The defendant claims that the trial court erred by imposing a longer term sentence than he would have received had he not proceeded to trial. Prior to trial, the State offered the defendant a ten-year sentence in exchange for his plea of guilty. The defendant chose to proceed to trial, was found guilty, and received a guidelines sentence of fourteen years imprisonment.
We recognize the general rule that the judicial imposition of a harsher sentence in response to a defendant’s decision to stand trial rather than plead guilty is patently unconstitutional. See City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla.1985); Cavallaro v. State, 647 So.2d 1006 (Fla. 3d DCA 1994). Vindictive sentencing needlessly discourages assertion of the Fifth Amendment right not to plead guilty and deters exercise of the sixth amendment right to demand a jury trial. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); A.S. v. State, 667 So.2d 994 (Fla. 3d *1340 DCA 1996); Fraley v. State, 426 So.2d 983 (Fla. 3rd DCA 1983).
However, the fact that a defendant receives a harsher sentence than a State-offered plea is not sufficient in and of itself to establish a violation of the right to stand trial. There must be a showing that the enhanced sentence was directly attributable to judicial vindictiveness or punitive action. See Holliway v. State, 579 So.2d 781 (Fla. 3d DCA 1991); Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990); Wilkinson v. State, 322 So.2d 620 (Fla. 3d DCA 1975). As previously explained by this court:
Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial. A disparity between the sentence received and the earlier offer will not alone support a finding of vindictiveness.... Having rejected the offer of a lesser sentence, [the defendant] assumes the risk of receiving a harsher sentence. Were it otherwise, plea bargaining would be futile.
Stephney v. State, 564 So.2d at 1248 (citing Mitchell v. State, 521 So.2d 185, 190 (Fla. 4th DCA 1988)).
Here, the trial judge was not involved in the plea negotiations and, in fact, denied the State’s motion to upwardly depart from the guidelines. The record does not reflect any showing of judicial vindictiveness or punitive action, and we disagree with the defendant’s contention that the trial court’s authority to sentence after a conviction is somehow limited by the State’s pretrial plea offer. See Frazier v. State, 467 So.2d 447 (Fla. 3d DCA), rev. dismissed, 475 So.2d 694 (Fla.1985).
Accordingly, because there is no covert vindictiveness in sentencing, and finding the defendant’s remaining issue on appeal equally lacks merit, we affirm the convictions and sentences below. See Stephney v. State, 564 So.2d at 1246; Wilkinson v. State, 322 So.2d at 620.
Affirmed.