712 So.2d 407 (1998)
Alfonzo EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0821.
District Court of Appeal of Florida, Fifth District.
April 17, 1998.
*408 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Alfonzo Edwards (defendant) appeals his judgments and sentences which were imposed by the trial court after a jury found him guilty of committing the offenses of sale of cocaine and possession of cocaine.[1] He argues that the trial court erred by (1) allowing a police witness to identify him as the person on the videotape engaged in the sale of cocaine; and (2) imposing a sentence which was greater than the sentence which had been offered by the state during pretrial plea negotiations. Neither argument possesses merit and therefore we affirm.
During the trial, the state presented the testimony of the two undercover agents who were involved in the defendant's drug sale, as well as a videotape taken of the transaction. Additionally, a police officer who was not present at the sale testified over a defense objection that the man in the videotape was the defendant. The defendant contends that the trial court erred in admitting this identification testimony because the testimony invaded the province of the jury, and therefore his convictions must be reversed.
Generally, it is error for a law enforcement officer who was not an eye witness to a crime to submit opinion testimony identifying a defendant in a videotape of the crime. See Ruffin v. State, 549 So.2d 250, 251 (Fla. 5th DCA 1989). However, in the instant case, such error does not require reversal because both undercover agents who were involved in the defendant's drug sale testified at trial that the defendant was the person who sold them the cocaine. Thus, the identification testimony was merely cumulative. Furthermore, the defendant testified at trial that he was the person involved in the drug transaction, but he offered the defense that the substance he sold to the undercover agents was not cocaine. Under these circumstances, any error resulting from the admission of the identification testimony was harmless.[2]See State v. DiGuilio, 491 So.2d 1129, 1130 (Fla.1986); §§ 59.041, 924.33, Fla. Stat. (1993).
At the time of sentencing, the trial court adjudicated the defendant to be an habitual offender[3] and imposed a sentence of twenty-five years' imprisonment for the crime of sale of cocaine and a concurrent sentence of five years' imprisonment for the crime of possession of cocaine. The defendant challenges his sentences, contending that they were the product of judicial vindictiveness. Specifically, he argues that the trial court sentenced *409 him more severely because he had refused to accept a plea offer and insisted on a jury trial. To support this claim, the defendant argues that his sentences were in excess of the 46.7 months recommended by the sentencing guidelines, as well as the 8-10½ year term of imprisonment offered by the state as part of a negotiated plea.
A trial court may not enhance a sentence because the defendant elected to exercise his right to a trial. Stephney v. State, 564 So.2d 1246, 1248 (Fla. 3d DCA 1990). However, the law is clear that a disparity between the sentence received and an earlier plea offer will not alone support a finding of judicial vindictiveness. Gardner v. State, 699 So.2d 798, 800 (Fla. 4th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998). Instead, there must be a showing that the enhanced sentence was directly attributable to judicial vindictiveness or punitive action. Santana v. State, 677 So.2d 1339, 1340 (Fla. 3d DCA 1996). The instant record contains no indication of judicial vindictiveness. Accordingly, we affirm the defendant's sentences.
AFFIRMED.
GRIFFIN, C.J., and GOSHORN, J., concur.
NOTES
[1] §§ 893.03, .13, Fla. Stat. (1993).
[2] The defendant also cites Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988), as authority for his argument that the identification testimony submitted by the officer improperly implied to the jury that the defendant had prior encounters with the police. This argument was not raised below and therefore it has not been preserved for our review. See Terry v. State, 668 So.2d 954, 959 (Fla.1996). However, even if this issue had been preserved, no reversible error could be shown because the defendant testified that he had nine prior felony convictions and that he had worked for the police as a confidential informant.
[3] See § 775.084, Fla. Stat. (1993).