785 So.2d 1238 (2001)
Harold BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3843.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Harold Bush, Bonifay, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We review the order of the circuit court summarily denying Appellant's motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse in part and affirm in part.
Petitioner was charged with three counts of robbery with a firearm, two counts of resisting arrest with violence, carrying a concealed firearm, and grand theft. The prosecution initially offered Petitioner a reduced sentence of 25 years as an habitual offender in exchange for a guilty plea. The trial court judge reviewed Petitioner's sentencing guideline scoresheet and then offered Petitioner an habitual offender sentence of 18 years in exchange for his plea. Petitioner accepted the offer and received the sentence.
After his sentence, Petitioner moved to withdraw his plea. The court granted his motion and his case proceeded to trial. A jury convicted him of two counts of robbery with a firearm, one count of aggravated assault with a firearm, resisting arrest without violence, and carrying a concealed firearm. The trial court sentenced him to concurrent life sentences as an habitual violent felony offender with mandatory minimum sentences of fifteen years on the armed robbery offenses and concurrent ten year sentences on the remaining offenses. Appellant filed a rule 3.850 motion alleging a vindictive sentence and several ineffectiveness of counsel claims including a claim that his counsel failed to object to the increased sentence.
We find Appellant has demonstrated a sufficient showing that the life sentences imposed in Counts I and II are presumptively vindictive. See McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999); Batista v. State, 685 So.2d 20 (Fla. 3rd DCA 1996). Accordingly, we reverse the trial court's order and remand for an evidentiary hearing on the claim that his counsel was ineffective as to this issue.
As to Appellant's remaining claims of ineffective assistance of trial counsel, we find no merit to these claims and affirm *1239 that part of the trial court's order denying relief.
GUNTHER, FARMER and KLEIN, JJ., concur.