819 So.2d 831 (2002)
Juan MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1163.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
*832 Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Ft. Lauderdale, for appellee.

EN BANC
KLEIN, J.
Appellant, after being charged with violating his probation, was offered a prison sentence of two and one-half years if he wished to admit the violation. Appellant rejected the plea offer and, after a hearing on whether he had violated his probation, the trial court found that he had. He now appeals his five year sentence, arguing that there is a presumption of vindictiveness, citing McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999), and Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001). We conclude that there is no presumption of vindictiveness where the lower sentence is offered in exchange for a plea and certify conflict.
Appellant, who had been in a relationship with the victim, was charged with battery on the victim and on a law enforcement officer in June 2000. After pleading no contest, appellant was placed on eighteen months probation with a special condition of six months in the county jail.
As a result of an incident in November 2000, appellant was charged with violating his probation by committing battery on the same victim. The defense and the state then agreed to a disposition of a year and a day in state prison for the probation violation. The court, however, after determining that appellant had prior drug convictions and one for domestic battery, would agree to no less than two and one-half years in prison. After consulting with his lawyer, appellant rejected the offer.
The victim testified at the hearing that the appellant, who had been her fiancée for twelve years, did not believe her explanation of where she had been that day. He pulled her hair, "kept hitting" her head against a kitchen cabinet, grabbed her by the neck, threw her over the couch and hit her again, and told her he could not let her go because he would have to go back to jail. This was all in front of one of their children.
Appellant admitted everything, but blamed it on his drinking and because he was upset that she was terminating their relationship. He asked the court to give him another chance and not impose two and one-half years. After noting that this was the third battery appellant had committed on the victim the court imposed a prison sentence of five years.
Following the court's pronouncing the sentence, appellant asked the court to clarify, and the court responded: "Well, I didn't give you the two and a half years as you implored me not to give you. I gave you five years."
Appellant moved to correct the sentence under rule 3.800, alleging that it was presumptively vindictive, but the motion was denied. Appellant appeals, pointing out that in McDonald v. State, 751 So.2d 56, 59 (Fla. 2d DCA 1999) the court stated that "when the judge has been involved in the plea negotiation and then later imposes a harsher sentence, the sentence is presumed to be vindictive." Appellant also cites Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), which agreed with McDonald. Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990), and Bush v. State, 785 So.2d 1238 (Fla. 4th DCA 2001), one of our own opinions, also support the theory that there is a presumption of vindictiveness where a plea is rejected and a stiffer sentence is imposed after trial.
The source of the presumption of vindictiveness is North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Pearce the Supreme Court *833 held that when a defendant obtains a reversal of a conviction for a new trial, and receives a greater sentence after the second trial, the reasons for the greater sentence must affirmatively appear in the record. Otherwise there is a presumption that the second sentence is vindictive. The Florida cases applying a presumption of vindictiveness do so because of Pearce. Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983)(a vindictive sentence unconstitutionally penalizes the defendant for exercising his Fifth Amendment right to not plead guilty and his Sixth Amendment right to a trial by jury).
In 1989 the Supreme Court clarified Pearce and held that the Pearce presumption did not apply where the lower sentence was based on a plea rather than a trial. In Alabama v. Smith, 490 U.S. 794, 801, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Court explained:
[W]hen a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to the vindictiveness on the part of the sentencing judge. Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial.
The court went on to explain that in cases like Pearce, where each sentence has been imposed following a trial:
[T]he sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness. In cases like the present one, however, we think there are enough justifications for a heavier second sentence that it cannot be said to be more likely than not that a judge who imposes one is motivated by vindictiveness.
Id. at 802, 109 S.Ct. 2201.
When the Supreme Court decided Pearce in 1969, it also decided the companion case of Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Simpson the first sentence was the result of a plea of guilty, but the Court still applied the Pearce presumption of vindictiveness. When the court clarified Pearce in Smith, it receded from Simpson and explained:
The failure in Simpson v. Rice to note the distinction just described stems in part from that case's having been decided before some important developments in the constitutional law of guilty pleas. A guilty plea may justify leniency, Brady v. United States, [397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)], supra; a prosecutor may offer a "recommendation of a lenient sentence or a reduction of charges" as part of the plea bargaining process, Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978), and we have upheld the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial, ibid.; we have recognized that the same mutual interests that support the practice of plea bargaining to avoid trial may also be pursued directly by providing for a more lenient sentence if the defendant pleads guilty, Corbitt v. New Jersey, 439 U.S. 212, 221-223, 99 S.Ct. 492, 498-499, 58 L.Ed.2d 466 (1978).
Part of the reason for now reaching a conclusion different from that reached in Simpson v. Rice, therefore, is the later development of this constitutional law relating to guilty pleas. Part is the Court's failure in Simpson to note the greater amount of sentencing information *834 that a trial generally affords as compared to a guilty plea. Believing, as we do, that there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea, we overrule Simpson v. Rice, supra, to that extent.
Id. a, 109 S.Ct. 2201.
In light of this change in the law we conclude that there is no presumption of vindictiveness where a defendant rejects a plea offer or has a plea set aside and subsequently receives a greater sentence after going to trial.
Appellant relies on Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988) for the proposition that "the record must show that no improper weight was given the failure to plead guilty." Although Mitchell cited cases using that analysis, the panel in Mitchell did not clearly apply it. Even if the panel had, Mitchell and the cases cited in Mitchell were decided before Pearce was clarified in Smith. Those cases, accordingly, are no longer good law.
Even if there were a presumption of vindictiveness under the circumstances of this case, the presumption would have been refuted by the fact that the trial court, at the time of sentencing, received greater information about the defendant's prior convictions and the extensiveness of this, the third attack on the victim, than was known to the court when the plea was discussed. We therefore affirm, recede from Bush, and certify conflict with McDonald, Byrd and Stephney.
POLEN, C.J., GUNTHER, STONE, WARNER, FARMER, STEVENSON, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.