821 So.2d 466 (2002)
Domenick PAGNOTTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4747.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
*467 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellee.
HAZOURI, J.
Domenick Pagnotti pled guilty to two counts of sexual activity with a child (counts I and II), sexual activity solicitation (count III) and two counts of indecent assault (counts IV and V). He was sentenced on April 29, 1993, to nine years in prison followed by five years probation on counts I, II, IV and V, and to five years in prison on count III, all counts to be served concurrently with credit for time served. He was released on his five years of probation on February 19, 1997.
An Affidavit of Violation of Probation and Warrant was filed on December 15, 1999, followed by an amended affidavit filed on February 11, 2000, alleging: (1) Pagnotti failed to live without violating the law in that on December 7, 1999, he was arrested for driving a vehicle while his license was suspended, and (2) Pagnotti failed to live without violating the law in that he was driving his Toyota Tercel with an attached tag that was assigned to him but not assigned to his Toyota Tercel. On March 22, 2000, an Amended Warrant was issued adding allegations: (3) Pagnotti moved from his residence of 4657 W. Irlo Bronson Highway, Room 114, Kissimmee, Florida, to an undisclosed location without permission or notification to his Probation Officer Eddie Pedroza and his whereabouts was unknown, and (4) on January 5, 2000, Pagnotti was instructed to report back to his probation officer on February 2, 2000, and that as of February 10, 2000, he had failed to report to or call his probation officer. Following a hearing, the trial court granted defense counsel's motion to dismiss allegations one and three. The trial court found Pagnotti willfully and substantially violated probation as set forth in allegations two and four, revoked his probation and sentenced him to twenty years in prison on all counts with credit for time served.
Defense counsel filed a motion to correct sentencing errors, alleging that Pagnotti was not on probation on count III for solicitation, the sentences imposed on counts IV and V for indecent assault were illegal and the sentencing was vindictive. The trial court entered an order granting in part and denying in part the motion. The trial court found that Pagnotti was not on probation on count III and vacated the sentence on that count. The judge further found that the sentences on counts IV and V exceeded the statutory limit. The trial court directed the clerk to prepare a new disposition form and judgment correcting the sentences on counts IV and V to fifteen years in prison. The trial court indicated that it was standing by the record with regard to the claim of vindictiveness.
Pagnotti argues the trial court abused its discretion when it found a substantial and willful violation of probation and revoked his probation. We find the trial court did not abuse its discretion.
*468 Pagnotti further argues the trial court erred in imposing a sentence of twenty years on counts I and II after offering a ninety day sentence prior to the revocation hearing, as the sentence was vindictive.
As a threshold matter, if a defendant violates probation, the court can revoke the defendant's probation and may "impose any sentence which it might have originally imposed before placing the probationer on probation." See Landeverde v. State, 769 So.2d 457, 463 (Fla. 4th DCA 2000) (quoting § 948.06(1), Fla. Stat. (1997)). There is no question that a twenty year sentence could have originally been imposed on count I and II.
The trial court explained at the sentencing hearing that the harsher sentence was based on testimony adduced at the hearing and its review of Pagnotti's file with regard to the underlying offenses of which he was convicted. The record does not reveal that the sentence was motivated by vindictiveness. Accordingly, the trial court did not err when it sentenced Pagnotti on counts I and II to twenty years in prison. See Morales v. State, 819 So.2d 831 (Fla. 4th DCA 2002) ("[T]here is no presumption of vindictiveness where a defendant rejects a plea offer or has a plea set aside and subsequently receives a greater sentence after going to trial."). We certify conflict with McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999), Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), and Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990), as we did in Morales.
AFFIRMED.
WARNER and GROSS, JJ., concur.