# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1066
Lower Tribunal No. 21-CF-016591

_____

STEPHANIE PROFFITT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Bruce Kyle, Judge.

April 17, 2026

NARDELLA, J.

Stephanie Proffitt ("Proffitt") appeals her convictions for drug related crimes[1] arguing that evidence was improperly admitted at trial and that, after trial, the court imposed a vindictive sentence. We reject both arguments but write only to address

---

[1] Trafficking in 4 grams or more of fentanyl (Count I); possession of a controlled substance with intent to sell or deliver (Count II); trafficking in 28 grams or more of fentanyl (Count III); possession of a controlled substance (Count IV); and possession of a place with knowledge of trafficking, sale, or manufacture of a controlled substance (Count V).

the second—that her sentence must be reversed because the trial court imposed a vindictive sentence after she declined to accept the State's plea offer.

## BACKGROUND

Before calling the jury in on the morning of trial, the court asked defense counsel to confirm that Proffitt would not be accepting the State's plea offer of the 25 years with all mandatory minimums wrapped together, as it would impact other pending matters.[2] The court then offered defense counsel a few minutes to confer.

When the conference ended, defense counsel announced that Proffitt would not accept the State's offer. To clarify the status, the court then questioned: "And no counter I am assuming then?" Defense counsel stated no. The court then asked what the offer was and confirmed on the record that Proffitt wanted to reject it. In her detailed response, Proffitt stated that she had not "really talked to him (counsel) much in the whole process of everything" but that she was told about an offer which the court was unaware of. The court then once again confirmed that Proffitt did not want to accept the State's offer and did not need more time to speak with counsel.

Proffitt proceeded to trial where she was found guilty as charged on all counts. The trial court granted the State's request and imposed the maximum sentence on

---

[2] One issue related to whether another individual who was out of custody needed to be held, and another was scheduling reasons involving depositions and out-of-state travel.

2

Count III—30 years' imprisonment with a 25-year mandatory minimum. It imposed concurrent prison sentences on the other counts.[3] When imposing the sentence, the trial court acknowledged defense counsel's mitigation argument but stated that it did not believe the mitigator applied and would not reduce Proffitt's sentence even if it did apply based on the evidence that was adduced at trial.

**STANDARD OF REVIEW**

Whether a sentence is vindictive is a question of law reviewed de novo. *See Gonzalez v. State*, 419 So. 3d 1194, 1197 (Fla. 3d DCA 2025) ("Our evaluation of whether a defendant's sentence stems from judicial vindictiveness is a question of law. As a result, our review is de novo."); *Pickard v. State*, 417 So. 3d 491, 494 (Fla. 5th DCA 2025) ("Whether a sentence is vindictive is a question of law that we review de novo.").

**DISCUSSION**

Proffitt argues the trial court's sentence was unconstitutionally vindictive and characterizes the trial court's actions at the start of trial as judicial participation in plea discussions that the court itself initiated. "[W]hen a claim of vindictive sentencing is raised, the reviewing court must examine all of the surrounding circumstances of a rejected plea and the sentence imposed to determine whether they

---

[3] 15 years with a 3-year mandatory minimum (Count I); 15 years (Count II); 5 years (Count IV); and 15 years (Count V).

3

create a presumption of vindictiveness." *Concepcion v. State*, 188 So. 3d 5, 9 (Fla. 3d DCA 2016). In determining whether the totality of the circumstances give rise to a presumption of vindictiveness, we begin by considering the non-exhaustive list of factors announced in *Wilson v. State*, 845 So. 2d 142 (Fla. 2003), which are:

> (1) whether the trial judge initiated the plea discussions with the defendant in violation of *Warner*[4]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

*Id.* at 156. Here, as we explain below, the circumstances do not give rise to a presumption of vindictiveness.

1. Initiating Plea Discussions

The trial court did not initiate plea discussions. Initiating plea discussions occurs when, for example, the court itself extends a plea offer. *See, e.g.*, *Pickard*, 417 So. 3d at 494 ("The court started plea discussions by offering a two-year sentence."). Here, the court did what it was allowed to do—ask about the status of the plea negotiations. "Prior to trial, a judge may ask the attorneys if a plea offer has been extended, and may ask the defendant if he is aware of a pending plea offer

---

[4] *State v. Warner*, 762 So. 2d 507 (Fla. 2000).

without violating *Warner's* restrictions."[5] *Vondervor v. State*, 847 So. 2d 610, 614 (Fla. 5th DCA 2003) (citing *Wilson*, 845 So. 2d at 157 n.9). A trial court crosses the line between a proper plea colloquy and prohibited conduct when it insinuates itself into the bargaining process, which was not done in this case. *See id.* ("First, no violation of *Warner* appears to exist. A plea offer was made by the State and simply agreed to by the trial judge, who did not insinuate himself into the bargaining process or depart from his role as an impartial arbiter.").

2. Comments on the Record/Departure from Role as Impartial Arbiter

There is no indication on this record that the trial court departed from its role as a neutral arbiter. A departure from the role as an impartial arbiter occurs when the court, for example, urges the defendant to accept a plea or otherwise indicates that a defendant's sentence will be increased because the defendant exercised the right to a trial. *See Concepcion*, 188 So. 3d at 10 (record did not reflect abandonment of neutrality where "[t]he trial court did not recommend or urge the defendant to accept the State's plea offer or imply that upon a conviction, the defendant's sentence would be increased because he exercised his right to a trial."). Here, the court asked defense counsel if counsel would like time to confer with Proffitt and counsel agreed. The court did not force this conference between counsel and Proffitt.

---

[5] We recognize that asking for a memorialization of the State's plea offer on the record can be useful in confirming that a defendant is aware of the offer.

3. Disparity

The disparity prong of the *Wilson* factors has been interpreted in two ways. First, "[t]he disparity referred to in the third Wilson factor is the disparity between the trial court's plea offer to resolve the case, and after defendant rejects the court-extended offer, the trial court's ultimate post-trial sentence." *Williams v. State*, 225 So. 3d 349, 357 (Fla. 3d DCA 2017). Under this framework, there is no disparity here because the trial court did not make a plea offer.

Second, courts have also looked at the difference between the State's pre-trial offer and the ultimate sentence imposed. *See, e.g.*, *Redmond v. State*, 970 So. 2d 915, 915 (Fla. 5th DCA 2007) (rejecting claim of vindictiveness because imposition of harsher sentence after trial than had been offered by the State during pre-trial negotiations did not create presumption of vindictiveness). Under this framework, we conclude that although the sentence imposed is greater than the plea offer extended by the State, Proffitt has not set forth a compelling argument as to why the difference in this case is so great that it warrants scrutiny. In any event, a "disparity between the State's pre-trial plea offer and the sentence imposed by the trial court after trial, standing alone, does not create a presumption of vindictiveness nor require resentencing." *Concepcion*, 188 So. 3d at 10.

4.  Explanation for the Sentence

The trial court explained the reason for its sentence. It did not believe that there were mitigation factors. The court also explained that based on the evidence introduced at trial there was no doubt as to Proffitt's involvement with the drug trafficking.

**CONCLUSION**

In sum, nothing in the record before this Court raises a presumption of vindictiveness. Accordingly, we affirm.

AFFIRMED.

WHITE and GANNAM, JJ., concur.


Michelle Medina, of Baez Law Firm, Miami, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Katherine Coombs Cline, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED