794 So.2d 671 (2001)
Dexter BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2203.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
Rehearing Denied September 19, 2001.
*672 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
This case reflects the hazards of judicial plea negotiations. The supreme court held in State v. Warner, 762 So.2d 507 (Fla. 2000), that Florida recognizes a form of judicial plea negotiation even over the objection of the State. The form approved is that the court may make a pre-trial evaluation of what an appropriate sentence for the offense would be regardless of whether the defendant pleads or goes to trial, based on the information then available to the judge. Warner cautioned that judges should neither state nor imply that the sentence would vary depending on the choice made by defendant.
In our case, after apparently reviewing the scoresheet, the court commented:
COURT: So I think 30 years is a fair offer,
 considering what you would do is
 over 100 years, and this isn't
 your first robbery.
 Frankly, I thinkGood God, he's
 got numerous armed robberies.
DEFENSE
COUNSEL: They all arise out of one plea.
COURT: Well, there you go. They all count,
 though. I think 30 years is a
 steal. He certainly won't get
 that low if he goes to trial. His
 record is horrendous.
The defendant chose to go to trial and, wouldn't you know it, the judge's prediction came to pass. Instead of thirty years, the defendant was sentenced to seventy-five. Appellant claims on appeal that when the defendant rejects the court's offer and is subsequently convicted, if the court exceeds its former offer, a presumption of vindictiveness arises and such presumption was not overcome in this case.
In McDonald v. State, 751 So.2d 56, 59 (Fla. 2d DCA 1999), the court held that "when the judge has been involved in the plea negotiations and then later imposes a harsher sentence, the sentence is presumed to be vindictive." That is a reasonable method of dispelling a defendant's legitimate fear of retribution should he exercise his constitutional right to a jury trial. The supreme court may well have had such a presumption in mind when it required that "[a] record must be made of all plea discussions involving the court." See Warner, 762 So.2d at 514. During the discussion leading up to the offer the court should state the facts relied on by it in making the offer. Those facts can then be compared with any "additional facts *673 emerging prior to sentencing"[1] to see if the harsher sentence is justified. In any event, if the trial court elects to sentence more harshly based on additional facts which may emerge prior to sentencing, should the judge not at least put on record what the additional facts are and how those facts changed the judge's view? If the judge can change his or her mind merely by saying that after hearing the testimony he or she is convinced that a harsher sentence is justified, then there is no protection against vindictiveness in rejection of plea cases.
Whether we call it an unrebutted presumption or merely hold that the court has failed to explain on the record what information it had at sentencing that it did not have at the time of the plea offer and how such information would have made a difference, the result is the same. The State suggests that the court was concerned about the timing of the offense in connection with the defendant's release from prison and was also concerned about the number of offenses. But this information was before the court at the time of its offer. It is less a reason than an excuse.
We are concerned, as was the McDonald court, as to an appropriate remedy. We reject the remedy chosen by McDonald which was setting the sentence itself. But we agree with McDonald that it would be a hollow victory for appellant if we, after accepting his argument that the record does not dispel the aura of vindictiveness or explain the harsher sentence, merely return the matter to the trial judge to belatedly "make record findings supportive of the more severe sentence." See Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983). Further, remanding the case with instructions to assign it to another sentencing judge would ignore the problem created by the initial offer in this case. The new judge would not know what prompted the original offer and thus would not know what new facts may have been discovered after the plea offer which might justify a harsher sentence. This is not a case in which the defendant pleaded guilty and was then sentenced more harshly than the judge promised so that a withdrawal of plea would cure the problem. Here, since the court has shown no reason why its pretrial evaluation of the appropriate sentence for the offense was in error, the better solution appears to be to accept the court's initial assessment of a proper sentence. Therefore, we reverse and remand to the trial court to sentence the defendant in accordance with its prior plea offer.
REVERSED and REMANDED for resentencing.
PLEUS, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
I concur in the result reached by the majority because it appears that what the trial court did in this case violates one of the restrictions on "judicial plea bargaining" imposed in State v. Warner:
To avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial.
762 So.2d 507, 514 (Fla.2000). In fairness to the trial court, Warner had not been issued at the time of the taking of Mr. Byrd's plea.
I do not, however, accept the "presumption of vindictiveness" analysis. To begin with, the Second District's opinion in McDonald *674 creates the "presumption of vindictiveness" almost out of whole cloth based on an overreading of Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990). What actually happened in Stephney was that the facts and circumstances contained on the record, including the judge's comments, supported an inference of vindictiveness. Contrary to the notion that a presumption of vindictiveness arises by the mere fact of a greater sentence after failed plea negotiations, the Stephney court noted that "a review of the trial judge's comments on their face support a presumption of judicial vindictiveness which was in no way dissipated by record evidence." Id. at 1248. In this case, there is simply no similar record basis to find a presumption of vindictiveness. The sentence imposed on this defendant for these crimes, including the West Colonial Drive Taco Bell robbery, were well within the guidelines and less by twenty-five percent than what the court had told the defendant he would face if he was convicted. The error requiring reversal in this case occurred when the trial court suggested there may be an advantage to the defendant if he were to enter a plea rather than to go to trial.
NOTES
[1] See Warner, 762 So.2d at 514.