809 So.2d 69 (2002)
Anthony RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1608.
District Court of Appeal of Florida, Second District.
February 8, 2002.
James Marion Moorman, Public Defender, and Frederick W. Vollrath, Special Assistant Public Defender, Bartow, for Appellant.
*70 Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Anthony Richardson appeals his conviction for possession of cocaine and the five-year prison sentence imposed. We affirm the conviction without discussion but address the sentencing issue on appeal.
Prior to trial, the State offered a three-year guidelines prison sentence for a guilty plea to three offenses pending against Mr. Richardson. There is no indication the trial judge was involved in the plea negotiations. Mr. Richardson rejected the plea offer and exercised his constitutional right to a jury trial. He was acquitted of two charges and convicted of one lesser-included offense. At sentencing, the trial judge imposed a guidelines sentence of five years in prison. On appeal, Mr. Richardson argues that the record reveals no affirmative reason for the longer sentence other than judicial vindictiveness and therefore the sentence must be reversed.
"An accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty." Gillman v. State, 373 So.2d 935, 938 (Fla. 2d DCA 1979), certified question answered, 390 So.2d 62 (Fla.1980). "[A]ny judicially imposed penalty which needlessly discourages assertion of the Fifth Amendment right not to plead guilty and deters the exercise of the Sixth Amendment right to demand a jury trial is patently unconstitutional." Id. Judicial vindictiveness in sentencing is "a term of art which expresses the legal effect of a given objective course of action, and does not imply any personal or subjective animosity between the court ... and the defendant." Frazier v. State, 467 So.2d 447, 449 n. 4 (Fla. 3d DCA 1985).
While there are cases recognizing vindictiveness challenges when the judge has been involved in the plea negotiations, this critical fact is not present in the record of this case. In the absence of judicial involvement in the plea negotiations, the burden was on Mr. Richardson to prove actual vindictiveness on the part of the sentencing judge, a burden he has not met. See McDonald v. State, 751 So.2d 56, 59 (Fla. 2d DCA 1999). Accordingly, we affirm the guidelines sentence imposed.
Judgment and sentence affirmed.
FULMER and SILBERMAN, JJ., Concur.
BLUE, C.J., Concurs specially.
BLUE, Chief Judge, Specially concurring.
I concur with the affirmance because I conclude the case law requires affirmance of the sentence imposed. However, I believe the sentence imposed in this case was vindictive. If not vindictive, it abuses the constitutional right to trial by jury and deflowers the word "justice" in criminal justice system.
Mr. Richardson faced three charges: possession of cocaine with the intent to sell; driving with a suspended license for the third time; and resisting arrest without violencea second-degree felony, a third-degree felony, and a first-degree misdemeanor. Mr. Richardson pleaded not guilty and exercised his right to trial by jury. The jury found him guilty of possession of cocaine, a third-degree felony and a lesser included of the charged possession with intent to sell. The jury found him not guilty of the other two charges.
Before trial, the State had offered a sentence of three years' imprisonment if *71 Mr. Richardson pleaded guilty to possession of cocaine and the other two charges. After the jury verdict, at sentencing, the State again requested the three-year sentence. The trial judge imposed a five-year sentence. Although Mr. Richardson argues the sentence is vindictive, I accept that case law does not support this contention. If I were permitted, I would reverse and remand for a sentence not to exceed three years.
I can think of only two reasons for the trial judge in this case to impose the five-year sentence. The first is to send a message to other defendants who might appear before him, that the exercise of their right to trial will be punished. The second is to register his disagreement with the decision of the jury.[1] I contend that both reasons are improper and should be the basis for a finding of vindictiveness. If not vindictive, they corrupt the homage we pay to the right to trial by jury. Unfortunately, my belief appears not to be the law, and thus I reluctantly concur in the affirmance of the sentence imposed.
NOTES
[1] The record reflects that the judge did not agree with the verdict.