816 So.2d 731 (2002)
Edward L. CHARLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1308.
District Court of Appeal of Florida, Third District.
May 8, 2002.
John H. Lipinski, for appellant.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before JORGENSON, SHEVIN and SORONDO, JJ.
SORONDO, J.
Edward L. Charles, defendant, appeals his final judgment of conviction, and fifty-year sentence. Finding no merit in his claims of error as concern his conviction for the crime of robbery, we affirm. For the reasons set forth below, however, we reverse his sentence.
After the presentation of all the evidence in the case, and after both sides had rested, the trial judge sent the jury out of the courtroom and had the following discussion with the defendant:
THE COURT: All right, Jury has left the courtroom. Let me see the defendant's priors. I want his mother to come around and sit with him because I'm about to discuss something. I want his mother to be able to discuss this with him. Come on around.

*732 DEFENSE COUNSEL: Thank you, Your Honor.
THE COURT: You better think real carefully, Mr. Charles, about what I'm about to say to you. I'm going to offer you a plea in this case.

I don't know what this jury is going to do. I'm not a fortune teller. I don't make predictions. But you got to be prepared. It's more than likely this jury is going to convict you based on the evidence that its heard in this case.
If this jury convicts you, this prosecutor is going to be asking me to give you life. Do you understand that? In Florida, that means you will never, sir probably never, probably never get out of prison.
Now, you do whatever you want. It makes no difference to me. But I'm going to make you a plea offer, and you can discuss it with your attorney, discuss it with your mother, then you will give me your decision.

If you say yes, the plea will be ratified. If you say no, we'll just continue the trial. But I'm going to give you one last chance to do what you think is in your best interest. And I'm going to study your record for a moment before I make that decision.
The Court notes the defendant was convicted of a strong-armed robbery in 1998, received 364 days in Dade County Jail. All right.
Let me ask the prosecutor a question. Nobody was actually hurt in this particular case?

PROSECUTOR: Physically hurt, no, Judge. Very, very frightened, Judge, but physically hurt, no.
THE COURT: Just remind me of the testimony. There was a gun used in this case?

PROSECUTOR: A chrome revolver.

THE COURT: Was there any testimony that gun was in this defendant's hand?

PROSECUTOR: No, Judge.

THE COURT: I don't recall any testimony.
PROSECUTOR: And that's why there is also no minimum mandatory that would ordinarily be part of that.
THE COURT: But if he does accept a plea or is found guilty by the jury, he has to be adjudicated by the Court a habitual violent felony offender, at least you would so argue, Judge [sic]?
PROSECUTOR: Yes.
THE COURT: And if I offered him a sentence of 12 years as a habitual violent felony offender, giving him credit for the time he's been in custody, that would be a legal sentence?

PROSECUTOR: Yes, Judge.

THE COURT: All right. That's the offer. Take it or leave it. You'd be sentenced to 12. How long have you been locked up waiting for this trial?

THE DEFENDANT: Twenty months.
THE COURT: All right. Under the law, I can give you credit for that 20 months. I'll figure it out. If you decide to plead guilty, I'll figure it out to the exact day and I will give you credit for every single day that you have been in custody, and I can apply that to the 12-year sentence.
You would be found guilty, you would be adjudicated guilty, you would receive a sentence of 12 years and you would be found by the Court to be a habitual violent felony offender.
If you do that, the trial ends. If you don't wish to accept that, the trial continues. Roll the dice, take your chances. You have heard the evidence, your mother heard the evidence. Do whatever you want, sir.

*733 I have no position either way whether you should or should not accept this offer that the Court has made to you, but you may want to think about it and you may certainly want to discuss this with your attorney and your mother, who is standing right next to you.
Go ahead and do that, and when you're ready, let me know your answer. If your answer is no, tell me no right now so I don't waste any time.
If you do, let me just say one final, if you do win a conviction in this case, the prosecutor, what would be the strong recommendation of the State to what sentence the Court should impose?
PROSECUTOR: Judge, based on the fact that he has a prior, we're asking for life or very high number, Judge.
THE COURT: You will ask for life or a very high number. When you say a very high number
PROSECUTOR: I'm talking about 30 years or so I think would be appropriate.
THE COURT: But you haven't foreclosed asking for life?
PROSECUTOR: No, I have not. That's correct.
THE COURT: And you're saying under the law he could receive such a sentence?
PROSECUTOR: Yes, he can, Judge. It would just depend upon further inquiry into his prior record, including his juvenile record.
THE COURT: May be appropriate for the Court to order a PSI, if we get to that point. All right.
Let me know your decision. Can you give me the defendant's exact booking date, please?
THE BAILIFF: Yes, Your Honor. August 8th, 1999, Your Honor.
THE COURT: Thank you. It's 598 days that the defendant has been locked up. He's been locked up 598 days. I am willing to give him credit for every one of those days.
(Emphasis added). And, after the plea offer was declined:
THE COURT: All right, ma'am. You're going to have to go back to your seat. Ma'am, would youMom, would you like to know my opinion on your son's decision?

Your son just made the biggest mistake of his life. That's my opinion. Now, I could be wrong. Just telling you, it would be up to the jury, but I think your son just made the biggest mistake of his life.
(Emphasis added). After defendant rejected the court's plea offer, the trial proceeded to verdict. The jury found defendant guilty as charged.
At sentencing, the following exchange took place:
THE COURT: Yeah. You know, I wish you had plead guilty in this case. You would have receive [sic] the mercy. But, if anything, you would get justice.
DEFENDANT: I understand.
THE COURT: You know, people who stand up and plead guilty and admit they have done something wrong, I am a big sucker for that. I always respect somebody who has the courage to say, hey, I did something wrong. And I am prepared to accept, you know, my comuppence [sic] and be held accountable. You know, I wish you had done that. We wouldn't be here today. This is not easy for you, and it is certainly not easy for your mother. It is not easy for a Judge, either. I hate these kinds of hearings. I hate sentencing hearings, because there is never any winners. Nobody wins in a situation like this.
*734 (Emphasis added). The trial judge then sentenced defendant to fifty-years imprisonment as a habitual violent offender with a fifteen-year minimum mandatory.
Defendant argues that the extremely severe sentence he received was vindictive,[1] and imposed only because he refused the trial judge's plea offer at the conclusion of all the evidence. We agree that the record in this case supports that conclusion.
In Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983), this Court reversed a twenty-five year sentence imposed after trial, where the trial judge, after hearing all of the evidence, had offered defendant a plea bargain of six years. The Court stated:
When a trial judge imposes a sentence upon a defendant after trial, which is more severe than the plea offer made by the court after it has heard all the evidence, the reasons for the more severe sentence must affirmatively appear in the record so as to assure the absence of vindictiveness.
Id. at 985.
In Gillman v. State, 373 So.2d 935, 938 (Fla. 2d DCA 1979), the sentencing judge, much like the judge in the present case, said:
I must candidly tell you this, that for what it is worth and I think you're entitled to know this, the Court's disposition of this matter would have been even more lenient if, in fact, you had acknowledged your responsibility and had entered a guilty plea to the charges as opposed to requiring a jury to determine your guilt, because I can only infer that once the incident happened for whatever reason you continued to be unable to accept responsibility for it. If you had accepted responsibility for it, I think everyone concerned would be considerably more sympathetic, but that was not the case. And I must rely on the verdict of a jury of six individuals who concluded that you were in fact, responsible. And as the facts are related in the pre-sentence investigation, it would appear that you are responsible....
(Emphasis added). The appellate court stated:
The law is clear that any judicially imposed penalty which needlessly discourages assertion of the Fifth Amendment right not to plead guilty and deters the exercise of the Sixth Amendment right to demand a jury trial is patently unconstitutional. An accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty.
Id. (citations omitted).
In McDonald v. State, 751 So.2d 56, 58 (Fla. 2d DCA 1999), the Second District Court of Appeal said that:
[W]hen a court is exercising its discretion to devise punishment for a convicted defendant, the law forbids it to take into account the defendant's refusal to accept a plea offer. A defendant's fear of retribution in sentencing cannot be permitted to chill the exercise of her Fifth Amendment privilege against self-incrimination, or her Sixth Amendment right to have her guilt or innocence determined by a jury. So important is this principle that its violation is fundamental error, cognizable on appeal even in *735 the absence of a timely objection in the trial court.
Id. at 58 (citations omitted). The court went on to say:
Standing alone, the imposition of a longer sentence than the one contemplated in the failed plea negotiation does not establish vindictiveness. Rather, ordinarily it is the defendant's burden to prove actual vindictiveness on the part of the sentencing judge. See Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990). But when the judge has been involved in the plea negotiation and then later imposes a harsher sentence, the sentence is presumed to be vindictive. This presumption may be overcome only if the record affirmatively demonstrates that the defendant's insistence on a trial was given no consideration in the sentencing. Id.

Id. at 58-59; see also Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001).
As the plea bargain discussion with defendant reveals, the trial judge in this case had heard all of the evidence presented by both sides. He further inquired of the state as to the exact nature of the defendant's criminal history.[2] In an abundance of caution, he asked whether anyone had been physically injured during this offense, and whether the defendant had carried a firearm during the commission of the crime. Having all of this information before him, he offered defendant what he obviously believed was a fair sentence, given all relevant and material factors. The very thorough record in this case is devoid of any indication as to what facts or considerations could possibly have come into play at the time of sentencing that warranted a sentence four times more severe than the judge's original offer.[3] Because the reasons for this significantly greater sentence do not affirmatively appear in the record so as to assure the absence of vindictiveness, we reverse the fifty-year sentence and remand with directions to impose the twelve-year sentence as a habitual violent offender offered by the trial judge at the conclusion of all the evidence.
Affirmed in part; reversed in part, and remanded with instructions.
NOTES
[1] As this Court observed in Frazier v. State, 467 So.2d 447, 449 (Fla. 3d DCA 1985), "the expression `vindictiveness' [or vindictive sentencing] is simply a term of art which expresses the legal effect of a given objective course of action, and does not imply any personal or subjective animosity between the court (or a prosecutor) and the defendant."
[2] The defendant had two prior felony convictions, Grand Theft Auto and Robbery (the offense that qualified him for treatment as a habitual violent offender). He also had two prior misdemeanors.
[3] To be more accurate, the sentence went from twelve-years as a habitual violent offender with no minimum mandatory, to fifty-years as a habitual violent offender with a fifteen-year minimum mandatory.