834 So.2d 275 (2002)
Shannon L. McROY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3102.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, *276 Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Shannon L. McRoy appeals the final judgment rendered following return of the jury's verdict finding him guilty of possession of cocaine with intent to sell. Because we conclude that the several issues McRoy raises relating to his conviction are without merit, we affirm McRoy's conviction. Of the issues McRoy raises relating to his sentence, the only issue that warrants discussion is whether the fifteen-year sentence imposed on him is vindictive.
Defendant was arrested and charged by information with trafficking in cocaine. Before trial, the prosecutor offered McRoy a three-year prison sentence in exchange for a guilty or nolo contendere plea. The trial court, however, modified the offer made by the State to include a lengthy term of probation to follow McRoy's prison sentence. The following dialogue took place between the trial judge and McRoy prior to trial:
THE COURT: Okay. Now, I've given people 30 years for selling a $20 rock of cocaine. You know, you're involved in some kind of big time manufacturing scheme here it appears, and you have more trouble than you probably realize. You could do 30 years on this case if except for the fact that you have such an awful record, you're a Habitual Felony Offender, which means you could do 60 years.
THE DEFENDANT: Okay, sir.
THE COURT: Now, I think that what theif I understand the State's position, I think what they're saying is that if you wanted tothat if you agreed to enter your plea of guilty or no contest to this, they would come off the Habitual Felony Offender and not ask me to sentence you as a Habitual Felony Offender, but to sentence you otherwise, which still means you could do 30 years.
* * *
THE COURT: I don't know that I would take a regular three year sentence on this anyway, given the facts of the case as I understand them to be.
* * *
THE COURT: [Defendant], did you want to take that three years if it had been available to you?
THE DEFENDANT: No, sir.
THE COURT: Okay. That'sthen that takes care of it. All right.
* * *
THE COURT: ... I might consider letting you take three years with a lot of probation after that, if that's what you wanted to do.
THE DEFENDANT: I never knowed [sic] anything about that deal, sir.
THE COURT: That's what I'm telling you now, is that because you didn't know anything about it, I may let you take that now. I'm notI don'tI'm not happy about that, but if you want to go to trial in this case, you're looking at 60 years. And I just told you I sent a guy to prison for 30 years for selling a $20 rock. Now, if you want to have your trial, we're going to start it right now. In fact, we ought to have a juryit's about outside right now. So do you want to take that three year offer?
THE DEFENDANT: No, sir.
THE COURT: You don't?
THE DEFENDANT: (No verbal response)
THE COURT: That's fine. Have a seat. Okay. Let's go ahead, please, and bring our jury.
*277 What the quoted part of the record reveals is that the trial judge was a participant in the plea bargaining process, a practice that is not prohibited under current Florida law. See State v. Warner, 762 So.2d 507 (Fla.2000). The court in Warner did, however, establish some guidelines and restrictions. Specifically, the court warned that "[t]o avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." Id. at 514. Violation of this admonition allows that which is forbidden by well-established constitutional principles: in order to prevent a defendant's fear of retribution in the sentencing process from chilling the exercise of his or her right to trial by jury, courts must not be permitted to take into account a defendant's refusal to accept a plea offer when determining the appropriate punishment if the defendant is ultimately convicted.
We conclude that the trial judge advocated far too strongly the plea offer and exceeded the permissible bounds of what the court in Warner found to be "`[t]he judge's neutral and impartial role'" in the plea bargaining process. Id. (quoting People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208, 212 (1993)). Accordingly, we affirm McRoy's conviction, reverse his sentence, and remand for imposition of a sentence of three years' incarceration, followed by probation.
AFFIRMED, in part; REVERSED in part; REMANDED.
THOMPSON, C.J. and SHARP, W., J., concur.