837 So.2d 519 (2003)
Melvin NAIRN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1596.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Michael J. Neimand and Paulette R. Taylor, Assistant Attorneys General, for appellee.
*520 Before SCHWARTZ, C.J., and FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Melvin Nairn was convicted of robbery and sentenced to thirty years in state prison with a mandatory minimum of fifteen years. We affirm the conviction but we reverse the sentence and remand with directions to impose a sentence of 18 years.
At the sentencing hearing following Nairn's trial and conviction, the trial judge offered Nairn an eighteen year prison term in "exchange" for Nairn's giving up his right to appeal. Nairn rejected the trial judge's offer, immediately after which the trial judge sentenced Nairn to the maximum penalty of thirty years. Our review of the record reveals nothing to explain the wherefore between the eighteen year offer and the thirty year sentence imposed moments after Nairn's rejection, with the exception of Nairn's refusal to give up his right of appeal.
Setting aside the trial court's possible over-entanglement in plea bargaining, see State v. Warner, 762 So.2d 507 (Fla.2000), the sole sentencing issue is whether the thirty year sentence is a "vindictive" one, and we have concluded that it is. As used in the sentencing process the word "vindictive" has lost its dictionary definitions. See American Heritage Dictionary 1430 (1969 ed.)("disposed to seek revenge"; "unforgiving; bitter; spiteful"). The sentencing term "vindictive" has become a "term of art," describing the legal effect of a given objective course of action, generally not implying any personal or subjective animosity on the part of the trial judge. See Frazier v. State, 467 So.2d 447 (Fla. 3d DCA), rev. dismissed, (Fla.1985). That being the case a defendant challenging a sentence as being vindictive may not need to demonstrate that the sentencing judge was acting out of any degree of malice. Rather, the defendant can succeed by showing events such as that described in Charles v. State, 816 So.2d 731, 735 (Fla. 3d DCA 2002)(footnotes omitted):
"Having all of this information before him, [the trial judge] offered defendant what he obviously believed was a fair sentence, given all relevant and material factors. The very thorough record in this case is devoid of any indication as to what facts or considerations could possibly have come into play at the time of sentencing that warranted a sentence four times more severe than the judge's original offer. Because the reasons for this significantly greater sentence do not affirmatively appear in the record so as to assure the absence of vindictiveness, we reverse the fifty-year sentence and remand with directions to impose the twelve-year sentence as a habitual violent offender offered by the trial judge at the conclusion of all the evidence."
A defendant's refusal to waive his/her right to appeal is not a valid reason to impose a greater sentence. There being nothing in the record to show that the imposed sentence is not vindictive, the sentence is reversed and the cause is remanded with directions to impose a sentence of eighteen years.