837 So.2d 562 (2003)
Alberto LAFERTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-181.
District Court of Appeal of Florida, Third District.
February 12, 2003.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellee.
Before COPE and WELLS, JJ., and NESBITT, Senior Judge.
COPE, J.
Alberto Laferta appeals the sentence imposed upon him after the conclusion of a jury trial. We reverse the sentencing order and remand for resentencing.
Defendant-appellant Laferta was convicted of armed burglary, conspiracy to commit armed burglary, and conspiracy to commit kidnapping. The police conducted a sting operation in which they successfully arrested the defendant and co-defendants who were planning to commit the theft of a tractor trailer containing a shipment of computers. The defendant was to be the driver of one of the getaway vehicles.
Prior to the trial of this case, the defendant's probation was revoked in another case and he was sentenced to a term of twenty-four years.[1]
*563 In the instant case, the State offered the defendant a plea of twenty-four years concurrent with the twenty-four-year sentence on the probation revocation case. This included the right to withdraw the plea in the instant case should the sentence in the probation revocation case be overturned on appeal.
In a bench conference, the prosecutor and defense counsel advised the judge regarding the status of the plea negotiation. When the defendant arrived in court, the judge stated, in part:
It is my understanding that the State of Florida is willing to give you what is called a concurrent sentence on this case that would run at the same time [as] the sentence you have already gotten in the previous case.
So, in other words, you would not serve any more time than you have already gotten, and this way you have some chance at having a life outside the prison system. Because if you are convicted in this case, because of your prior record, I have very little choice in what I have to do. Whatever sentence I might give you, if you are found guilty in this case, would be added to the sentence that you have already gotten, which would essentially mean that you would not survive to walk out of prison alive.
Now, as you might think, that is a tremendous burden for you. Now, we are not talking here about guilt or innocence or anything [like] that. We are past that. You are in a situation now where you have this opportunity that the State has offered you to have some life outside the prison system.
I want you to think about that. Consult with your lawyer and tell me what it is you want to do because you areyour risk is much more than an ordinary person who comes in front of the Court.
Even if I think you are a nice fellow, I don't have a choice. If the jury finds you guilty, I have to give you additional time, an enormous amount, an amount that if you get it you would not survive.
So, with those things in mind, please talk with your lawyer.
....
(Discussion off the record)
MR. MANGONE: Your Honor, Mr. Laferta is insisting on proceeding to trial.
THE COURT: All right. Mr. Laferta, it does not matter to me what you do. I don't have to serve the time or pay the fine, but you realize what you are throwing away?
THE DEFENDANT: Yes, I do realize, Your Honor.
THE COURT: You want to spend the rest of your life in jail?
THE DEFENDANT: Yes, sir. I am going to go to trial. I am going on with the trial.
THE COURT: All right. Can you tell me, for my own edification, why you are insisting on this?
THE DEFENDANT: Tell him that I want to go with this. I want to finish this, and I want to know what the problem is.
THE COURT: Do you understand what you are looking at?
THE DEFENDANT: I understand everything perfectly well.
THE COURT: All right.
TR. 114-16 (emphasis added).
The case proceeded to trial and the defendant was convicted as charged. At sentencing, the guidelines scoresheet provided *564 a minimum sentence of 13.36 years. Defense counsel advised the court that the co-defendants (who had entered plea bargains) had all received sentences of five years or less, followed by a term of probation.
The trial court imposed a sentence of life imprisonment as a habitual offender. This appeal follows.
We conclude that the sentencing order must be reversed under State v. Warner, 762 So.2d 507 (Fla.2000), which states in part:
To avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial. A record must be made of all plea discussions involving the court.
Id. at 514 (emphasis added); see also Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003); McRoy v. State, 834 So.2d 275 (Fla. 5th DCA 2002); Prado v. State, 816 So.2d 1155 (Fla. 3d DCA 2002); Charles v. State, 816 So.2d 731 (Fla. 3d DCA 2002); Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), review granted, 817 So.2d 850 (Fla. 2002).
The conclusion is inescapable that the court became an advocate for the State's plea offer of twenty-four years concurrent time. Further, the message was quite clear that if the defendant insisted on going to trial, he would be confronted with lengthy consecutive time up to and including life imprisonment. The life sentence was ultimately imposed.
The State argues that additional facts emerged so as to justify the life sentence. See Warner, 762 So.2d at 514 ("A judge's preliminary evaluation of the case is not binding, since additional facts may emerge prior to sentencing which properly inform the judge's sentencing discretion.").
However, the record does not support the State's argument in this case. As indicated in the colloquy quoted above, the court was already aware of the defendant's prior record, and the State has not pointed to any other material information which could have influenced the sentencing decision.
We reverse the sentencing order and remand the cause for imposition of the sentence the State offered in the plea bargain: twenty-four years concurrent with the sentence imposed for the revocation of probation. Nairn; McRoy, 834 So.2d at 277; Prado, 816 So.2d at 1157; Charles, 816 So.2d at 735; Byrd v. State, 794 So.2d at 673; McDonald v. State, 751 So.2d 56, 60 (Fla. 2d DCA 1999). The defendant need not be present.
In view of this ruling, the second point on appeal is moot.
Reversed and remanded for resentencing.[2]
NOTES
[1] Although immaterial here, the trial court later corrected that sentence to a term of 8.6 years.
[2] The defense has requested the remedy of resentencing to the twenty-four year plea offer. The State has made no argument for any other remedy. This remedy is consistent with this court's procedure in the recent cases of Charles v. State, 816 So.2d at 735 and Prado v. State, 816 So.2d at 1157.

The Second District has suggested that this court has not been entirely consistent with regard to the remedy where vindictive sentencing has been established. See McDonald v. State, 751 So.2d at 59-60. Since there is no dispute between the parties on the correct remedy in this case, we need not attempt to harmonize the other Third District cases.