840 So.2d 415 (2003)
Theodore Wayne NOWELLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2537.
District Court of Appeal of Florida, Third District.
March 19, 2003.
*416 Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Douglas J. Glaid, (Fort Lauderdale) Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from the denial of a 3.850 motion based upon the contention that trial counsel was ineffective by failing to object to an allegedly "vindictive" sentence of life imprisonment with a fifteen-year minimum mandatory as a habitual violent felony offender, which was imposed despite the trial judge's strong indication before trial that the defendant should accept a state plea offer of fifteen years. We reverse for resentencing of the defendant to fifteen years imprisonment.
The colloquy when the plea offer was declined is indistinguishable from those involved in Harris v. State, 839 So.2d 785 (Fla. 2d DCA 2003) Laferta v. State, 837 So.2d 562 (Fla. 3d DCA 2003); Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003); McRoy v. State, 834 So.2d 275 (Fla. 5th DCA 2002); Charles v. State, 816 So.2d 731 (Fla. 3d DCA 2002); Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), review granted, 817 So.2d 850 (Fla.2002); and McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999).[1] As these cases reflect, the *417 life sentence imposed by the trial judge after his involvement in, obvious approval of, and quite unsubtle hint that the defendant would be well advised to accept the offer of fifteen years gave rise to a presumption of legal "vindictiveness," see Nairn, 837 So.2d at 519-20, and cases cited, which was not only totally unrebutted, but actually confirmed[2] by the record. See McDonald, 751 So.2d at 59 ("But when the judge has been involved in the plea negotiation and then later imposes a harsher sentence, the sentence is presumed to be vindictive. This presumption may now be overcome only if the record affirmatively demonstrates that the defendant's insistence on a trial was given no consideration in the sentencing."); Laferta, 837 So.2d 562-64; Prado v. State, 816 So.2d 1155 (Fla. 3d DCA 2002); Byrd, 794 *418 So.2d at 671; Stephney v. State, 564 So.2d 1246 (Fla. 3d DCA 1990).
Hence, on the authority of the cited cases, the sentence is reversed and the cause is remanded for the entry of a fifteen year sentence in accordance with the court-endorsed plea offer. Laferta, 837 So.2d 562-64.
Reversed and remanded.[3]
NOTES
[1] THE COURT: Here's Mr. Nowells.

Mr. Nowells we're getting ready to start your trial, sir.
It's my understanding, Mr. Nowells, that there has been a plea offer extended to you of fifteen years as a minimum/ mandatory for these charges as a habitual violent felony offender.
MR. MCMILLAN [the prosecutor]: That's correct, Your Honor.
THE COURT: Very well.
* * *
THE COURT: It's also my understanding that there is a motion to suppress that's pending and that there is a witness who needs to be brought in from out of state and the state is going to be revoking this offer if we embark upon either of those matters; in other words, if we bring in the out of town witness or if we embark on a motion to suppress, which we're supposed to do at 11:00 o'clock the offer is revoked. [e.s.]
Now it's my understanding that the police officers are available and ready to go; is that correct?
MR. MCMILLAN: Yes, sir.
THE COURT: Mr. Nowells, do you understand that if you go to trial in this case, that because of the charges that are involved, you could be sentenced to life imprisonment?
THE DEFENDANT: I know that.
THE COURT: You know that?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that the state has made an offer to you which is in keeping with
They have discretion to do whatever it is that they wish to do. The offer that they have made to you is what they feel is a proper offer in this case.
The court would have to find that you are not a danger to the community in order to go below the state's offer and I am unwilling to offer you anything else, sir, based upon your record. I am unwilling to find that you are not a danger to the community. That is my responsibility. [e.s.]
Fifteen years as a habitual violent offender appears to be the best that you're going to get, sir, in terms of an offer, versus the possibility of being sentenced to life if you're convicted, and I'm told that the state has a very good case against you.
I suggest, sir, that you sit down once again and talk to yourself and talk to your lawyer and give it one more chance, as far as whether or not you want to accept this offer or whether you want to proceed to trial, because if you want to proceed to trial, by 11:00 o'clock this offer will be off the table. [e.s.]
By 11:00 or 11:15, this offer will be off the table, so I suggest that you take five minutes or so with Mr. Matszal [defense counsel] in the jury room one more time and go over all of your options with regard to the case.
Have Mr. Matszal tell you the strengths of the state's case versus the strengths of your possible defenses in this case and think about it again.
MR. MATSZAL: Your Honor, my client has asked me to speak to the police officers and discuss the possibility of a lower sentence with them.
The officers will tell you that he was cooperative, but the main officer is not in a position to recommend any reduction in time.
His position is just that it's the state attorney's office decision.
THE COURT: I think that the state has already done that, and Mr. McMillan can tell you this, but I think that the state has taken into account whether cooperation has previously been given by Mr. Nowells to the police in offering him the fifteen years today.
MR. McMILLAN: We have, judge, and that's why we're offering the fifteen year minimum/mandatory.
We have considered that.
THE COURT: It's not getting any better, Mr. Nowells.
THE DEFENDANT: I ain't taking no fifteen years mandatory, though.
THE COURT: Very well, then.
* * *
THE COURT: Now, if I'm correct, the only thing I have left is Mr. Nowells' case.
* * *
THE COURT: Very well.
Let the record reflect the presence of Mr. Matszal, Mr. Nowells' attorney. The Defendant is also present, as are the prosecutors.
For the record, we have reviewed Mr. Nowells' situation with regard to the plea offer earlier today and the defendant has had ample opportunity to discuss this with his lawyer.
Mr. Nowells, is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: What do you wish to do?
THE DEFENDANT: I can't take that.
That's life, itself; fifteen years mandatory. That's life.
THE COURT: Sir, I didn't ask you that. I asked you a simple question.
I asked you if you have reviewed that offer with your attorney. [e.s.]
THE DEFENDANT: Yes, sir.
THE COURT: And, you don't want to accept the state's offer of a fifteen year minimum/mandatory sentence?
THE DEFENDANT: No, sir. That's life itself.
THE COURT: Mr. Nowells, you and I are going to have real problems during the course of the trial if you don't just answer my questions. [e.s.]
I asked you a simple question.
I asked you if you wanted to accept the state's offer, yes or no?
THE DEFENDANT: Do I accept it?
THE COURT: Do you want to accept the state's offer of fifteen years, minimum/mandatory, as a sentence for this charge?
THE DEFENDANT: No, sir.
THE COURT: Let's proceed with the motion to suppress, please.
State, call your first witness.
[2] At sentencing, the trial judge specifically stated that:

I remember explicit and long discussions with regard to the plea offer to Mr. Nowells where we were talking to him in terms of the enhanced [penalty that] will be sought against him.
[3] At the resentencing, the trial court should also reconsider the double jeopardy issue of whether the dual convictions and sentences for burglary with a battery and a battery on a person over the age of sixty-five years are permissible in light of the then prevailing law. See Torna v. State, 742 So.2d 366 (Fla. 3d DCA 1999); Lewis v. State, 740 So.2d 82 (Fla. 3d DCA 1999). Compare State v. Reardon, 763 So.2d 418 (Fla. 5th DCA 2000), review dismissed, 806 So.2d 446 (Fla.2002).