842 So.2d 1047 (2003)
Curtis Eugene SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1701.
District Court of Appeal of Florida, Third District.
April 23, 2003.
Bennett H. Brummer, Public Defender and Ivy R. Ginsberg, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Erin K. Zack, Assistant Attorney General, for appellee.
*1048 Before SCHWARTZ, C.J., and GREEN and WELLS, JJ.
SCHWARTZ, Chief Judge.
On this appeal from the denial of the defendant's 3.800 motion, we find that the trial judge improperly imposed a "vindictive" sentence of thirty years minimum mandatory as a violent career criminal despite his own explicit offer of fifteen years if the defendant pled guilty to this (and another) offense before trial. As required, we reverse for resentencing of the defendant before a different judge.
This case is entirely governed by Wilson v. State, 845 So.2d 142, 2003 WL 1832631 (Fla. April 10, 2003).[1] Here, like Wilson, but unlike situations in which the trial court "merely" endorses a pre-trial plea offered by the prosecution, see Nowells v. State, 840 So.2d 415 (Fla. 3d DCA 2003), the trial judge in this case expresslydirectly contrary to State v. Warner, 762 So.2d 507 (Fla.2000)made the offer himself. Thus, the transcript reveals the following:
THE COURT: I will be more than happy to let you do that in a minute. Do you understand I have offered if you want to resolve both of these cases today a plea of fifteen years state prison with credit time served since April of 1999?
And for all practical purposes the roughly fifteen years state prison as a habitual offender means you would probably serve close to the fifteen years in state prison. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand if you reject that I will not extend that offer to you again? The State has not extended that offer, I have extended that offer. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Is that what you wish to do, you wish to reject the Court's offer?
THE DEFENDANT: Yes, sir.
In these circumstances, it is clear that the post-trial imposition of thirty years minimum mandatory after conviction gave rise to a presumption of vindictiveness which, as in Nowells, for example, was not only unrebutted but actually confirmed by the record.[2]
*1049 Hence, the order on appeal is vacated and the cause is remanded for sentencing before a different judge.[3]Wilson.
Vacated and remanded.
NOTES
[1] The result in Wilson (but not the remedy of resentencing before a different judge) is in accord with a long series of cases decided by this court. See Nowells v. State, 840 So.2d 415 (Fla. 3d DCA 2003); Laferta v. State, 837 So.2d 562 (Fla. 3d DCA 2003); Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003); Charles v. State, 816 So.2d 731 (Fla. 3d DCA 2002); see also Harris v. State, 839 So.2d 785 (Fla. 2d DCA Case 2003); Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), review granted, 817 So.2d 850 (Fla.2002), approved in part, quashed in part sub nom. Wilson v. State, 845 So.2d 142, 2003 WL 1832631 (Fla. April 10, 2003); McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999).
[2] At the post-trial hearing below, the trial judge made his position entirely clear:

THE COURT: I guaranteed Mr. Smith, from the first day that I met him when he took the position that he had not done anything wrong and he was going to go to trial, that I would protect his constitutional rights. I gave him a valid plea colloquy or valid alternative colloquy which was presented to the Third DCA.
He knew what he was looking at, at the time he opted to go to trial, and exercised his constitutional right to trial. He knew that he had been habitualized by the State and he knew what in fact he had been looking at and what his maximum exposures were. And to the extent that he knew that, he satisfied me that he understood all of that.
He had a sentencing hearing. His family was here. I know his mother was here. I think his sister here at the time. I had people telling me all of the things that you are telling me.
I don't think there has been 12 months in his adult life that he has not been in custody or under arrest or had charges pending. And he was told at the time of the sentencing he is the exact kind of person that the Legislature enacted all of these enhancements for. He is a repeat, repeat, repeat, repeat, repeat offender.
He thinks that he is special. The laws were written for other people. They were never written for Curtis. Curtis got to do anything that Curtis wanted.
The judge's last remark indicates that, unlike the usual case, he may have been "vindictive" in the dictionary, as well as in the legal sense. See Nairn v. State, 837 So.2d 519, 520 (Fla. 3d DCA 2003)("As used in the sentencing process the word `vindictive' has lost its dictionary definitions. See American Heritage Dictionary 1430 (1969 ed.)(`disposed to seek revenge'; `unforgiving; bitter; spiteful'). The sentencing term `vindictive' has become a `term of art,' describing the legal effect of a given objective course of action, generally not implying any personal or subjective animosity on the part of the trial judge. See Frazier v. State, 467 So.2d 447 (Fla. 3d DCA), rev. dismissed, (Fla.1985).").
[3] The State asserts that the cited authorities cannot apply to a violent career criminal sentence like this because it is mandatorily required upon conviction. See State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998). It is obvious, however, that such a sentence need not be imposed if the procedural requirements of section 775.084, Florida Statutes (1997) are not followed, or if the court makes a finding (as it was apparently prepared to do before trial) that the sentence was not necessary for the protection of the public. See § 775.084(3)(a)6, Fla. Stat. (1997)(now § 775.084(3)(c)5, Fla. Stat. (2002)). In any event, if, as is clear, the fifteen-year offer could have been legally implemented if accepted before trial, it is just as clear that it can be imposed (by the successor judge) afterwards.

On the other hand, we reject the appellant's alternative claim that his prior convictions for battery on a police officer and burglary of a structure do not qualify for violent career criminal status. See Watson v. State, 749 So.2d 556 (Fla. 2d DCA 2000); Rodriguez v. State, 837 So.2d 1177 (Fla. 3d DCA 2003). But see Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002)(Schwartz, C.J., dissenting).
Thus, there are no legal obstacles to the successor trial judge's resentencing the appellant to the fifteen-year offer, the thirty year minimum mandatory sentence previously imposed, or anything in betweenso long as the sentence is appropriate under the principles stated in Wilson.