851 So.2d 222 (2003)
Travis Anton SNOW, Petitioner,
v.
James V. CROSBY, Jr., Secretary, Florida Department of Corrections, Respondent.
No. 3D03-1032.
District Court of Appeal of Florida, Third District.
July 9, 2003.
Rehearing Denied August 1, 2003.
Paul Morris, Miami, for petitioner.
Charles J. Crist, Jr., Attorney General and Michael Neimand and Melissa Vaughan Rubin, Assistant Attorneys General, for respondent.
Before SCHWARTZ, C.J., and GODERICH, J., and NESBITT, Senior Judge.
*223 SCHWARTZ, Chief Judge.
This application for writ of habeas corpus on the ground of ineffective assistance of appellate counsel in Snow v. State, 800 So.2d 307 (Fla. 3d DCA 2001), review denied, 819 So.2d 139 (Fla.2002), is based on counsel's failure to raise a claim of vindictiveness in sentencing under the rule of Wilson v. State, 845 So.2d 142 (Fla.2003). We deny the application.
The defendant was charged with first degree murder and attempted first degree murder, and convicted of second degree murder. The vindictiveness claim arises because he was sentenced to thirty years in prison, in excess of a seventeen year sentence offered by the state before the trial in return for a guilty plea to what would have then been a reduced charge of second degree. We reject this claim because the record shows that the action of the trial judge with respect to the plea, the only pertinent issue in resolving a Wilson contention, did not exceed the conduct sanctioned by law. In this respect, the record shows that prior to trial, the following occurred:
THE COURT: Mr. Snow as you heard, the State offered second degree murder and seventeen years. You have discussed this with your lawyer. I am not trying to sell anything. I am just trying to get it on the record.
You discussed this with your lawyer and you understand if you are convicted [of first degree murder], you get life without parole.
Do you understand that?
DEFENDANT: Yes.
THE COURT: Have you any questions about this?
DEFENDANT: Not at this moment, sir.
It seems clear that the judge's statements, which, without endorsement, simply stated the terms of the prosecutions's plea offer, and the maximum sentencing consequence of a conviction of the crime with which he was then charged, were entirely permissible. As the Fifth District said in Martin v. State, 816 So.2d 187, 189-191 (Fla. 5th DCA 2002)(footnotes omitted), cause dismissed, 823 So.2d 124 (Fla.2002), 835 So.2d 267 (2002):
As in all such cases, what the record reveals about what the trial judge said or did is critical. In this case, immediately prior to trial, the state offered Martin a sentence of 17 years, if he would testify against his co-defendant, James. The trial judge previously had said he would not become involved in the plea negotiations in any way. He also refused to indicate his "feelings" as to what he thought would be an appropriate sentence for Martin. Defense counsel stated she felt Martin would be convicted and that he would be facing a true life sentence.
The judge then engaged in the following colloquy:
THE COURT: The state has offered seventeen years. If you want to accept the seventeen years that's fine. If you don't want to accept the seventeen years, that's fine. I need to know you understand, on the downside as I'll say it, if you're acquitted, you walk out and I hope you never show back up here again and you go on with your life, enjoy. If you're convicted, as your attorney has told you, you face a true life sentence. This is a first degree felony. How old are you?
MR. MARTIN: Twenty-three.
THE COURT: Twenty-three years old. You're a young man. If you're acquitted, have a wonderful life, it goes on. If you're convicted, [the prosecutor] has already indicated he'll be seeking a life sentence. Is that correct?

*224 [PROSECUTOR]: Yes.
THE COURT: Seeking life sentence. Life in the state of Florida means the rest of your life for all practical purposes, will be spent in the prison system. I want to make sure you understand that.
MR. MARTIN: Yes.
THE COURT: All bets are off at that stage. In our society you're placed in prison. I'm not saying this to scare you or to force you into anything. I'm making sure you consider it.
MR. MARTIN: Yes.
THE COURT: It's your life. You know it better than anybody as far as the decision you have to make. I want to make sure you understand right now the offer is seventeen years.
MR. MARTIN: Yes.
THE COURT: If you want to accept that, you have every right to accept it or reject. If you reject, if you go to trial, you win, you walk out, of here a free man. You still have two other charges, aggravated fleeing and eluding and felony driving while license revoked. Those are second and third degree felonies, some what minor compared to the life felony. As I tell people, if you're acquitted, God bless you, go out of here. If you're convicted, you may face a true life sentence. Do you understand that?
MR. MARTIN: Yes.
THE COURT: Take a second. Talk with your attorneys one last time.
[DEFENSE COUNSEL]: He indicates he wants to go to trial.
THE COURT: You want to go to trial. You're rejecting the plea offer by the State?
MR. MARTIN: Rejecting the plea offer.
* * *
[I]n this case, the trial judge removed himself from the plea bargain process. He neither urged Martin to accept nor reject the plea bargain. He gave no indication what his sentence would be and expressly declined to do so. He did make sure that Martin understood the terms of the plea bargain, and he explained the maximum punishment for the crime-life-was what the state was seeking. And, he made sure Martin made the decision after consultation with his attorneys.
In so doing, we think the trial judge carried out his judicial responsibilities as well as he could. He crossed the minefield without error. To hold that the presumption of vindictiveness arose based on this record would place trial judges in an impossible quandary. The plea bargain offered by the state would become the presumptive sentence, above which the trial judge could not go without carrying the burden of showing lack of vindictiveness. It would limit the trial judge's discretion in sentencing to a degree not required by Warner.[1]
*225 In effect, Martin validates Judge Sorondo's observation in Prado v. State, 816 So.2d 1155, 1157 (Fla. 3d DCA 2002)(Sorondo, J., concurring):
I do not believe that Warner forbids a judge from becoming involved in a discussion wherein the accused is asked whether he is aware of the state's pending plea offer and his or her maximum exposure if convicted at trial. Indeed, I understand why trial judges go out of their way to determine whether criminal defendants have been advised of any and all plea offers prior to trial. A recurring post-conviction claim is that trial counsel was ineffective in that he or she failed to communicate a plea offer made by the state or failed to advise the defendant of his full exposure if convicted at trial. In order to address this potential problem, many trial judges have adopted the practice of asking the attorneys immediately before trial, in the defendant's presence, whether a plea offer has been extended and whether the same has been communicated to the defendant. In fact, the trial judge in the present case did just that. Immediately after calling the case and allowing counsel for the state and defense to identify themselves, the court asked defense counsel if a plea offer had been made. Defense counsel advised the court of the state's offer and correctly identified his client's maximum exposure if convicted. The judge then asked defendant: "You still don't want the four years?" The defendant responded: "No, no." This discussion, consuming no more than two pages of the transcript, accomplished the goal of establishing a record that the defendant was fully apprised of the plea offer, and the full breadth of his exposure if convicted. In my judgment, Warner does not forbid a brief inquiry on this subject.
Prado, 816 So.2d at 1158 n. 2. Accord Bell v. State, 847 So.2d 558 (Fla. 3d DCA 2003); Richardson v. State, 809 So.2d 69 (Fla. 2d DCA 2002); Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003). Compare Wilson, 845 So.2d at 158; Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003). Cf. also Smith v. State, 842 So.2d 1047 (Fla. 3d DCA 2003)(plea offer made by trial court itself). Because therefore, the claim of vindictive sentencing has no merit, appellate counsel could not have been ineffective by failing to raise it.[2],[3]
Habeas Corpus denied.
NOTES
[1] The court went on to say:

In Richardson v. State, 809 So.2d 69 (Fla. 2d DCA 2002), our sister court ruled in a similar case where the trial court was not involved in plea negotiations and the defendant rejected the plea offer, that no presumption of vindictiveness arose when the defendant received a longer sentence than was offered by the plea bargain. The record revealed no affirmative reason for the longer sentence, but it was within the guidelines. We agree with the Richardson court, which said:
While there are cases recognizing the vindictiveness challenges when the judge has been involved in the plea negotiations, this critical fact is not present in the record of this case. In the absence of judicial involvement in the plea negotiations, the burden was on [the defendant/appellant] to prove actual vindictiveness on the part of the sentencing judge, a burden he has not met.
809 So.2d at 70.
Since the trial judge in this case, as in Richardson, was not involved in the plea negotiations nor did he in any way coerce or threaten Martin if he elected to go to trial, no burden to disprove vindictiveness arose. Rather, Martin failed to meet his burden of showing the trial judge acted with actual vindictiveness in imposing the sentence.
[2] It may be suggested that in a case such as this one, a disparity between the plea offer and the actual sentence, since it may not be "presumed" to be the result of vindictiveness, should instead be "presumed" to be attributable to the constitutionally permissible principle that a sentencing court is not bound by and the defendant is not entitled to the terms of a rejected prosecution plea offer. See Frazier v. State, 467 So.2d 447 (Fla. 3d DCA 1985), pet. for review dismissed, 475 So.2d 694 (Fla.1985).
[3] While we have no doubt of the correctness of our conclusion that the trial judge's participation in this case was acceptable, we cannot but express our reservations about the desirability even of that limited role. In this connection, we point out that one of the rationales for permitting a colloquy such as this one, to place on the record, see Prado, 816 So.2d at 1158 n. 2 (Sorondo, J., concurring), the terms of the proposed, but rejected, plea offer and the maximum permissible sentence upon conviction may (and should) be accomplished in several alternative ways. For example, the judge may simply ask counsel in the presence of the defendant (and on the record) about the status of the negotiations. Indeed, defense counsel "for his own protection" often does so even without prompting by the trial court. Since the trial judge's participation is therefore not necessary, it is almost impossible to avoid the thought that where she does participate, it does nothing but imply the trial court's approval of the plea offer and her desire that it be accepted. Thus, any action by the trial court in the face of a prosecution plea offer, which, as the court should know, has been rejected, is fraught with danger. This is to suggest that the danger may be completely obviated by the court's not being involved at all.

Moreover, touching an aspect of the subject which has not yet been explored but is certainly on the legal horizon, non-participation would avoid the possibility of a defendant's later contention that an accepted plea offer was involuntary as a result of judicial coercion.