PER CURIAM.
Roy Lee Singleton appeals an order revoking his probation.* We affirm.
At the outset of the probation revocation hearing, the court was advised that there had been a plea offer made, which the defendant had rejected. The trial court placed the defendant under oath and engaged in a colloquy to verify (a) that the defendant understood the maximum penalties in the two cases in which the plea offer had been made, (b) the terms of the State’s plea offer, (c) that the defendant understood the offer, and (d) that the defendant had decided to reject it.
At the conclusion of the hearing the court found that the defendant had violated his probation and sentenced him to a twenty-year term with a ten-year mandatory minimum sentence as a habitual violent felony offender (“HVFO”). This sentence was in excess of the State’s offer, which had been ten years as an HVFO in the probation revocation case plus another pending substantive case.
We conclude that the colloquy with the defendant was squarely within the bounds established by this court’s decision in Snow v. Crosby, 851 So.2d 222 (Fla. 3d *1018 DCA 2008). Accordingly, we reject the defendant’s claim of vindictive sentencing.
Affirmed.

 This is the second appearance of the appeal in this court. The initial appeal from the revocation order raised other grounds and was affirmed but remanded for correction of an error in the written order of revocation of probation. Singleton v. State, 820 So.2d 404, 405 (Fla. 3d DCA 2002). Subsequently defendant-appellant Singleton filed a petition alleging ineffective assistance of appellate counsel for failure to raise the issue of vindictive sentencing. This court granted a belated appeal on that issue, see Fla. R.App. P. 9.141(c), which has been ably briefed by appellate counsel.