PER CURIAM.
 

 We reject both of Rose’s arguments on appeal, holding (a) that the evidence was amply sufficient to show that defendant intentionally and substantially violated the terms of his probation by, among other things, deliberately tampering with his required monitoring device, see
 
 Correa v. State,
 
 43 So.3d 738, 745 (Fla. 2d DCA 2010) (recognizing that “intentional disregard of the GPS monitoring rules, tampering with the equipment, or actual violations of curfew or other activity restrictions will generally amount to willful and substantial violations of the conditions imposed”), and (b) that the sentence imposed upon revocation of the defendant’s probation was not legally “vindictive.” See
 
 Snow v. Crosby,
 
 851 So.2d 222 (Fla. 3d DCA 2003).
 

 Affirmed.